In the Matter of JOHN G. DANIEL, an Attorney, Respondent.
In the Matter of EDWARD W. MANNING, an Attorney, Respondent.*

First Department, February 3, 1939.

*F. Campbell Jeffery* of counsel [*Einar Chrystie,* attorney], for the petitioner.

*George Gordon Battle* of counsel [*Battle, Levy, Fowler & Neaman,* attorneys], for the respondents.

PER CURIAM. The petition of the Bar Association charged that a conveyance of real estate made in 1935 by Victor Nivois to the

respondent John G. Daniel was induced by fraud. The petition also charged that the respondents refused to account for assets of the estate of Victor Nivois which came into their hands and that they converted certain of the property belonging to the widow of Victor Nivois. The referee has reported that the charges have not been established by the evidence.

With respect to the funds coming into the hands of the respondents, while there is no direct proof of conversion thereof, the attendant facts and circumstances are highly suspicious. The respondents failed to keep any records of the disposition of said moneys, and offered the explanation that Manning would give the proceeds of checks drawn to cash to Daniel to transmit to Mrs. Nivois and that the latter must have received the money because she told Manning that she had. Because of the death of Mrs. Nivois, this testimony could not be controverted by petitioner. What Mrs. Nivois, a bed-ridden woman over eighty-three years of age, did with more than $4,000 in cash thus claimed to have been turned over to her by the respondents, has not been disclosed.

A supplemental petition charging the respondent Manning with the looting of another estate was filed and held pending the determination of criminal charges against him in connection therewith. He subsequently pleaded guilty to the charge of grand larceny, second degree, which calls for his disbarment as matter of course. (256 App. Div. 193.)

As to the respondent Daniel, his conduct in the premises and particularly his failure to keep any records of the disbursement of the moneys above referred to, which could be verified after the death of Mrs. Nivois, warrants a severe censure.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent Daniel severely censured.